IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST LICENSING CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLOOMBERG L.P. and )<br>BLOOMBERG FINANCE L.P., )<br>)<br>Defendants. )<br>_____) | C.A. No. 14-cv-561(GMS) |
| QUEST LICENSING CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERACTIVE DATA CORPORATION )<br>)<br>Defendant. )<br>_____) | |
| QUEST LICENSING CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CHARLES SCHWAB CORPORATION ET )<br>AL., )<br>)<br>Defendant. )<br>_____) | |

**ORDER**

WHEREAS, On April 29, 2014, plaintiff Quest Licensing Corporation ("Quest") filed complaints against defendants Bloomberg L.P. and Bloomberg Finance L.P., Interactive Data Corporation ("IDC"), The Charles Schwab Corporation et al., (collectively, "defendants"), as well

as FactSet Research Systems, Inc. and SunGard Data Systems[1] alleging infringement of U.S. Patent No. 7,194,468 ("the '468 patent") (D.I. 1);

WHEREAS, on March 11, 2016, the court issued its Claim Construction Order construing the disputed claim terms of the '468 patent (D.I. 138);

WHEREAS, on November 29, 2016, defendants moved for summary judgment of non-infringement (D.I. 193), which the court granted on January 19, 2017, given the court's construction of the term "changing [price] data" as "only [price] data that has changed" (D.I. 221);

WHEREAS, Quest filed a notice of appeal to the Court of Appeals for the Federal Circuit on January 31, 2017 (D.I. 224) and the appeal is pending;

WHEREAS, presently before the court is defendants' Motion for Attorneys' Fees and opening brief (D.I. 226, 227), Quest's response thereto (D.I. 233), and defendants reply (D.I. 236);

WHEREAS, having considered the parties' positions as set forth in their papers, as well as the applicable law;

IT IS HEREBY ORDERED THAT:

1. The Defendants' Motion for Attorneys' Fees (D.I. 226) is **DENIED without prejudice.**[2]

---

[1] Defendants FactSet Research Systems, Inc. and SunGard Data Systems were dismissed on September 14, 2016 and June 23, 2016, respectively. (D.I. 167, 177.)

[2] "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n. 6 *Octane Fitness* also clarified that parties seeking fees under § 285 need only establish their entitlement by a preponderance of the evidence. *Id.* at 1758.

2

2. Defendants may file a renewed motion to declare the case exceptional thirty (30) days from the date when the Court of Appeals for the Federal Circuit issues the mandate in appeal No. 17-1561.

Dated: June 29th, 2017

_____
UNITED STATES DISTRICT COURT

---

In response, Quest raises several arguments, but the court need only consider one. Quest argues that the Federal Circuit's decision may moot this motion and that judicial economy favors a stay or dismissal without prejudice pending Quest's appeal to the Federal Circuit. (D.I. 233 at 11.) The court agrees. In view of the pending appeal, the court believes it is improvident to decide the motion at this time. Accordingly, the motion will be denied without prejudice.